COGBURN LAW
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
jsc@cogburncares.com
Erik W. Fox, Esq.
Nevada Bar No. 8804
ewf@cogburncares.com
2580 St. Rose Parkway, Suite 330
Henderson, Nevada 89074
Telephone: (702) 748-7777
Facsimile: (702) 966-3880
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSELLE RUSCITO-WILLIAMS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>NRA GROUP, LLC d/b/a NATIONAL RECOVERY AGENCY, a Foreign limited-liability company,<br><br>Defendant. | **COMPLAINT<br>AND JURY DEMAND** |

Plaintiff, Joselle Ruscito-Williams (hereinafter "Plaintiff"), by and through counsel, Cogburn Law, hereby complains against Defendant as follows:

**I.    PRELIMINARY STATEMENT**

1.    This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

II.     **JURISDICTION AND VENUE**

    A.     **JURISDICTION OF THE COURT**

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

    B.     **VENUE**

3.     Venue is proper in this District Court, particularly its unofficial southern district, pursuant to 28 U.S.C. § 1391(b).

III.     **PARTIES**

4.     Plaintiff is a natural person residing in Clark County, Nevada.

5.     Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(c).

6.     Upon information and belief, NRA Group, LLC dba National Recovery Agency (hereinafter "NRA") is a Collection Agency engaged in the business of collecting debts by use of the mails and telephone, and regularly attempts to collect debts alleged to be due another.

7.     Upon information and belief, NRA is a foreign entity licensed in the State of Pennsylvania and doing business in Nevada.

8.     Upon information and belief, NRA was registered with the State of Nevada as a Collection Agency or as a foreign collection agency, License No. CA10205, but the registration expired on June 30, 2020.

9.     NAR is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) trying to collect a "debt" as defined by 15 U.S.C. § 1692a(5).

IV.     **GENERAL ALLEGATIONS**

10.     Plaintiff received a debt collection notice from NRA after it was sent via mail on September 11, 2020 (account ending XXX6458 and hereinafter the "NRA Stale Collection Account").

11. The NRA Collection Notice demanded payment for a Collectibles Network Account resulting from a transaction on April 9, 2014.

12. The statute of limitations under NRS 11.190(1)(b) imposes a six-year statute of limitations for breach of contract.

13. The April 9, 2014, NRA Stale Collection Account was for an alleged transaction more than six years before the NRA Collection Notice.

14. On or about September 21, 2020, Plaintiff served a debt validation request on NRA advising of the debt being past the statute of limitations.

15. NRA failed to respond to the debt validation request.

16. NRA has and continues to collect an unlawful amount in violation the NRS 11.190(10)(b) statute of limitations.

17. Upon information and belief, Plaintiff paid the account at the time of purchase or after the invoicing was received in 2014.

18. Plaintiff owed no money to the Collectibles Network following the 2014 payment.

**V.  CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**
**(Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692)**

19. Plaintiff realleges and incorporates all preceding paragraphs as if fully set out herein.

20. Defendant was negligent and/or willful, rendering it liable for attempting to collect an improper balance due, fees, interests and/or expenses not authorized or permitted by law, and in violation of 1692f(1), including seeking the collection of debt past the statute of limitations.

21. Defendant's conduct was negligent or willful or both, rendering it liable for failing to cease collection of an alleged debt, and not providing proper verification of the debt to the prior to initiating a lawsuit, in violation of 1692g(b).

22. As a result of the foregoing violations, Defendant is liable for actual damages, including general damages and special damages in an amount to be proven at trial, but not less than up to $1,000 per violation, pursuant to 1692k(a)(1).

23. As a result of the foregoing violations, Defendant is liable for actual damages, including general damages and special damages in an amount to be proven at trial, but not less than up to $1,000 per violation, pursuant to 1692k(a)(2)(a).

24. As a result of the foregoing violations, Defendant is liable for costs and reasonable attorney fees pursuant to 1692k(a)(3).

25. Plaintiff hereby prays for actual damages under the FDCPA, and for statutory damages as set forth above for each and every violation of the Fair Debt Collection Practices Act proven at the trial of this case, and reasonable attorney fees and costs thereunder.

26. An actual controversy has arisen and now exists between the parties concerning their respective rights and duties under the FDCPA. A judicial declaration that Defendant's actions violated the FDCPA is necessary so that all parties may ascertain their rights and duties under the law.

## VI.  **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant, on all counts, for the following:

1. Declaratory judgment that Defendant's conduct violated the FDCPA;
2. Actual damages;
3. Statutory damages;

4. Punitive damages;

5. Costs and reasonable attorney fees; and

6. For such other and further relief as may be just and proper.

## VII. JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States Constitution, Plaintiff hereby demands a jury trial.

Dated this 13th day of October, 2020.

COGBURN LAW

By: /s/Erik W. Fox
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
Erik W. Fox, Esq.
Nevada Bar No. 8804
2580 St. Rose Parkway, Suite 330
Henderson, Nevada 89074
*Attorneys for Plaintiff*